UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL JULIUS FLETCHER,

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

    Defendants.

Civil Action No. 12-722 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Paul Julius Fletcher, a federal prisoner in South Carolina, brought this action under the Freedom of Information Act and the Privacy Act, seeking copies of several records related to his 1975 conviction in D.C. Superior Court. The Government has performed a search and determined that all responsive records were destroyed in 1991. As a result, it has now moved for summary judgment, arguing that it has done all that FOIA requires. Although the Government acknowledges – in supplemental briefing ordered by the Court – that destruction was improper, such acknowledgment cannot resurrect the documents. Since they no longer exist, the Court will grant the defense Motion, but will, for the reasons explained below, dismiss the case without prejudice.

**I.    Background**

Plaintiff's FOIA request was submitted on December 21, 2011, and sought "a copy of the legal and public indictment that was returned from the grand jury in open court in my name November 1, 1974, of the charges I was convicted of May 9, 1975, and the sentence I received October 15, 1975. Also I am requesting a copy of the arrest warrant, and the Docket Sheet of

when I was indict[ed] November 1, 1974." Mot., Declaration of Kathleen Brandon, ¶¶ 4-5 & Exh. A (FOIA Request) at 2.  On January 11, 2012, the Executive Office for United States Attorneys requested that the United States Attorney's Office for the District of Columbia search for the requested records.  See Brandon Decl., ¶ 7 & Exh. C (EOUSA Request).  Twelve days later, Karin Kelly, the FOIA Coordinator at USAO-DC, informed EOUSA that no responsive records existed because the "case was destroyed in August 1991."  See Brandon Decl., ¶ 8 & Exh. D (Kelly Memorandum; Jan. 18, 2012, Letter from National Archives and Records Administration noting destruction in August 1991); Mot., Declaration of Karin B. Kelly, ¶ 1.  On April 30, EOUSA so notified Plaintiff.  See Brandon Decl., ¶ 9 & Exh. E (EOUSA Letter).

To arrive at her conclusion, Kelly's search took several steps.  She first used the USAO computer case-tracking system, called the Master Index System, as well as the Closed Files Information Tracking System, neither of which yielded any positive results.  See Kelly Decl., ¶¶ 6-9.  Kelly then contacted Yvette Harvey, Records Manager of the Closed Files Unit, who reviewed handwritten logs regarding case files from 1971-96 and informed her that records from Plaintiff's 1975 case had been destroyed.  Id., ¶¶ 10-12; Mot., Declaration of Yvette Harvey, ¶ 7. Harvey also provided a letter from NARA memorializing that destruction.  See Kelly Decl., ¶ 16 & Exh. D (NARA Letter).

Plaintiff nonetheless filed this action on May 4.  Believing it could show the requested documents no longer exist, the Government then moved for summary judgment.  In analyzing that motion, the Court considered Plaintiff's argument that any destruction was improper and violative of certain statutes.  See ECF No. 14 (Order of Oct. 16, 2012).  The Court ultimately asked the Government to provide supplemental briefing on the following questions: "1) What regulation governs the destruction of the records in this case? 2) Did the Government comply

with this regulation? 3) If it did not, is Plaintiff entitled to any remedy and, if not, why not?" Id. at 3.

As the Government has now provided that supplemental briefing, the Court may return to the Motion for Summary Judgment.

**II.     Legal Standard**

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. Liberty Lobby, Inc., 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary. See Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases are typically and appropriately decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### III. Analysis

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. See Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. Id. at 127. To be sufficiently detailed, the agency's affidavits must at a minimum describe "what records were searched, by whom, and through what process." Steinberg, 23 F.3d at 552. The agency's declarations are presumed to be submitted in good faith. See SafeCard Servs., 926 F.2d at 1200. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

In this case, as set forth above in Section I, the Government diligently searched for responsive records. In addition to checking its case-management systems – the Master Index

System and the Closed Files Information Tracking System – USAO-DC reviewed handwritten case logs. After determining the files had been destroyed, USAO-DC also obtained written confirmation from NARA. There is thus no doubt that the Government's search here has been thorough and reasonably calculated to uncover the requested documents.

In response, Plaintiff makes several arguments. First, he claims that in a collateral attack in D.C. Superior Court, a judge there made reference to attaching Plaintiff's indictment to his Order. How can this be so, Plaintiff asks, if the Government claims it no longer possesses such indictment? See Opp. at 2-3. Plaintiff neglects the logical answer that such indictment was obtained from court, not Government, records, which Defendants need not search. See Dockery v. Gonzales, 524 F. Supp. 2d 49, 53 (D.D.C. 2007) (EOUSA not required to search files of District Court and Superior Court; obliged only to search its own files). Plaintiff may himself attempt to obtain the documents he seeks through the Superior Court.

Plaintiff next asserts that Defendants "destroyed Plaintiff['s] case files by act[ing] in an intentional or willful manner . . . by committing the act without grounds for believing it to be lawful . . . ." See Opp. at 3. As a general matter, "the fact that responsive documents once existed does not mean that they remain in [Defendants'] custody or that [Defendants] had a duty under FOIA to retain the records." Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004) (citations omitted). In this case, however, the Government's supplemental briefing concedes the impropriety of its destruction of Plaintiff's records. See Def. Mem. at 3-4. Yet the Government's explanation, which attributes the destruction to inadvertence and negligent error, also vitiates Plaintiff's assertion of willfulness or deliberate destruction. See id. Indeed, the destruction occurred in 1991– twenty years before Plaintiff's FOIA request. This is clearly not a situation in which the Government destroyed records to avoid disclosure. The documents

sought, moreover, are hardly clandestine materials; rather, the indictment and judgment of conviction were (and may still be) publicly available from the Superior Court.

Plaintiff next complains of a violation of § 552a(g), which permits a civil action whenever an agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual . . . ." See 5 U.S.C. § 552a(g)(1)(C). Although Plaintiff argues that he needs the information to challenge his conviction or assist in his 2014 parole hearing, see Opp. at 4-7, this is insufficient. As the D.C. Circuit has held, "[c]entral to a cause of action under subsection (g)(1)(C) is the existence of an adverse agency determination resulting from inaccurate agency records." Chambers v. U.S. Dept. of Interior, 568 F.3d 998, 1007 (D.C. Cir. 2009). In Chambers, the plaintiff claimed that a lost record had an adverse effect inasmuch as it hampered her ability to apply for jobs in the federal government. Id. The Court held that "[s]uch an adverse effect, however, is not enough to make out a claim under subsection (g)(1)(C), which requires a specific 'adverse determination' resulting from an agency's failure to maintain accurate records." Id. (footnote omitted). Here, likewise, there has not yet been any adverse determination against Plaintiff from the destruction of the records.

The Court is now left to consider what relief it may offer Plaintiff. In discussing potential remedies for the improper destruction, the Government mentions a Special Counsel investigation, criminal penalties, or reporting of the incident to the National Archives and Records Administration. See Def. Mem. at 4-6. In fact, the Government indicates that it has already initiated the last of these. Id. at 6. None of these steps, of course, assists Plaintiff in

obtaining the documents sought, but that relief is beyond the Government's (or the Court's) power here.  See James v. U.S. Secret Serv., 811 F. Supp. 2d 351, 358 (D.D.C. 2011) ("An agency does not control a record which has been destroyed . . . and it is under no obligation to obtain a duplicate of or to re-create a record in order to fulfill a FOIA request.") (citations omitted), aff'd, No. 11–5299, 2012 WL 1935828 (D.C. Cir. May 11, 2012) (*per curiam*).

Plaintiff, moreover, seeks no monetary relief beyond attorney fees and costs.  See Compl. at 2-3.  As he is proceeding *pro se*, he is ineligible for attorney fees.  See, e.g., Burka v. HHS, 142 F.3d 1286, 1289 (D.C. Cir. 1998).  If Plaintiff seeks costs – and it bears noting that he was permitted to proceed here *in forma pauperis*, see ECF No. 4 (Order regarding filing fees) – he may file a motion with supporting documentation, which the Government may oppose.

The Court, therefore, will grant the Government's Motion because it is undisputed that the requested documents do not exist, and none of Plaintiff's other requested relief (perhaps excluding costs) is available.  To the extent Plaintiff believes himself entitled to some additional form of monetary relief for the improper destruction, he may bring a separate action so requesting.  Plaintiff may also revive his § 552a(g) claim if he subsequently suffers an adverse decision as a result of the records destruction.  The Court will thus dismiss this case without prejudice.  Finally, Plaintiff may, as discussed above, seek documents from the Superior Court.  The Court offers no opinion as to his likelihood of success in any of these ventures.

## IV.    Conclusion

For the foregoing reasons, the Court will issue an Order this day granting Defendant's Motion and dismissing the case without prejudice.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: Nov. 28, 2012